**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**West Virginia Division of Highways,**
**Employer Below, Petitioner**

**vs.)    No. 21-0918**    (BOR Appeal No. 2056952)
(JCN: 2020026277)

**Matthew Sturgell,**
**Claimant Below, Respondent**


**MEMORANDUM DECISION**


Petitioner West Virginia Division of Highways appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). Matthew Sturgell filed a timely response.[1] The issue on appeal is compensability. The claims administrator rejected the claim for bilateral carpal tunnel syndrome on July 21, 2020. The Workers' Compensation Office of Judges ("Office of Judges") reversed the decision in its June 11, 2021, Order and held the claim compensable. The Order was affirmed by the Board of Review on October 21, 2021. Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the Board of Review's decision is appropriate. *See* W. Va. R. App. P. 21.

Mr. Sturgell, an equipment operator and flagger, alleged that he developed carpal tunnel syndrome in the course of and resulting from his employment. On January 5, 2017, Mr. Sturgell was treated by James Endicott, M.D., for numbness in both hands. Mr. Sturgell also reported joint pain. Dr. Endicott diagnosed bilateral carpal tunnel syndrome, sleep apnea, hyperlipidemia, hyperglycemia, and hypothyroidism. On February 28, 2018, Mr. Sturgell returned to Dr. Endicott and the diagnoses were bilateral carpal tunnel syndrome and diabetes.

The employees' and physicians' report of injury form indicates Mr. Sturgell injured both hands due to constant use while operating equipment. Dr. Endicott completed the physician's section and stated that Mr. Sturgell suffered from moderate to severe bilateral carpal tunnel syndrome as a result of repetitive motion in the course of his employment. On July 2, 2020, Mr. Sturgell completed a carpal tunnel syndrome questionnaire in which he stated that he was previously diagnosed with diabetes, cervical spondylosis or arthritis, gout, and obesity. Mr. Sturgell indicated his nonwork hobbies included archery, automotive and motorcycle mechanics,

---

[1]Petitioner, West Virginia Department of Highways, is represented by Steven K. Wellman and James W. Heslep, and respondent, Matthew Sturgell, is represented by G. Patrick Jacobs.

yard work, farming, carpentry, construction, and playing musical instruments. His job duties included running equipment, using power tools, cutting trees, and raking.

On July 6, 2020, Dr. Endicott completed a carpal tunnel syndrome physician questionnaire in which he stated that Mr. Sturgell was diabetic and obese. It was noted that Mr. Sturgell's job duties included flagging and operating equipment and controls. Dr. Endicott opined that Mr. Sturgell had severe bilateral carpal tunnel, worse on the left than the right, and stated the condition was the result of a repetitive strain injury. He stated that Mr. Sturgell's job duties like flagging and operating equipment and controllers caused him to develop carpal tunnel syndrome.

A West Virginia Department of Transportation description of Mr. Sturgell's job, completed by Edwin Watson, CRC, CDMS Human Resources, indicates Mr. Sturgell's job required him to operate motorized highway maintenance equipment, drive trucks, operate tractors, load and unload trucks, shovel, rake, and occasionally cut tree branches.

On July 16, 2020, Rebecca Thaxton, M.D., performed a physician review in which she opined that Mr. Sturgell's carpal tunnel syndrome was not the result of his work duties. She found that Mr. Sturgell was first diagnosed with carpal tunnel syndrome by an EMG (electromyography) dated June 2, 2016. Dr. Thaxton stated that carpal tunnel syndrome is caused by high force, high repetition work and that both factors must be present. Dr. Thaxton reviewed Mr. Sturgell's job duties and concluded that they were not repetitive in nature. Additionally, Mr. Sturgell had personal risk factors for carpal tunnel syndrome in the form of morbid obesity, diabetes, and gout. The claims administrator rejected the claim for bilateral carpal tunnel syndrome on July 21, 2020.

Syam Stoll, M.D., performed an independent medical evaluation on December 16, 2020, in which he noted that Mr. Sturgell was diagnosed with diabetes three to four years prior and also suffered from high cholesterol, high triglycerides, and sleep apnea. Dr. Stoll examined Mr. Sturgell and performed a pinprick test. He found that Mr. Sturgell reported dorsal and palmar surface numbness, which was inconsistent with carpal tunnel syndrome. He also found decreased sensation on the ventral aspect of the left arm from elbow to hand and numbness from the right wrist to the forearm, both of which are inconsistent with carpal tunnel syndrome. Dr. Stoll concluded that Mr. Sturgell's history and physical examination did not support a diagnosis of carpal tunnel syndrome, and even if Mr. Sturgell did have carpal tunnel syndrome, it would not be the result of his eight years of working for the West Virginia Department of Highways. He stated that it would more likely be the result of his prior employment where he operated heavy equipment for fifteen to eighteen years. Dr. Stoll noted that Mr. Sturgell has several comorbidities that put him at higher risk of developing carpal tunnel syndrome including type II diabetes and obesity. He also determined that Mr. Sturgell's job duties are not the type described by West Virginia Code of State Rules § 85-20-41.5 as known to cause carpal tunnel syndrome:

> Occupational groups at high risk for CTS have included grinders, butchers, grocery store workers, frozen food factory workers, manufacturing workers, dental hygienists, platers and workers with high force, high repetitive manual movement. The literature notes a high prevalence of concurrent medical conditions capable of causing CTS in persons with the syndrome, without regard to any particular

2

occupation. Studies have failed to show a relationship between normal clerical activities and CTS. When evaluating CTS in this work setting, a careful search for other contributing factors is essential. Awkward wrist positioning, vibratory tools, significant grip force, and high force of repetitive manual movements have all been shown to contribute to CTS. The Moore-Garg Strain Index is a valuable tool for assessing risk for work-related CTS.

*Id.*

Mr. Sturgell testified in an October 13, 2020, deposition that his job as an equipment operator required him to grip controls firmly because the controls vibrated. Mr. Sturgell stated that he had to move his hands in awkward positions to maneuver controls in all directions. He testified that he also had to shovel asphalt and sometimes use a chainsaw to cut trees from roads.

The Office of Judges reversed the claims administrator's rejection of the claim and held the claim compensable for bilateral carpal tunnel syndrome. It found that Dr. Stoll's report was not reliable for several reasons. First, Dr. Stoll opined that Mr. Sturgell's examination and pain diagram did not support a diagnosis of carpal tunnel syndrome. However, the Office of Judges found that Dr. Stoll noted bilateral atrophy of the thenar eminence and positive bilateral Tinel's signs, which is evidence of carpal tunnel syndrome. Further, an EMG showed moderately severe carpal tunnel syndrome. The Office of Judges determined that Dr. Stoll's opinion that Mr. Sturgell did not suffer from carpal tunnel syndrome was not supported by the evidence of record. Both Drs. Endicott and Thaxton opined that Mr. Sturgell suffered from carpal tunnel syndrome.

The Office of Judges noted that Dr. Stoll stated Mr. Sturgell's diabetes likely caused his carpal tunnel syndrome; however, the Office of Judges determined that Mr. Sturgell's diabetes diagnosis did not preclude him from developing work-related carpal tunnel syndrome. It noted that there is a significant latency period between a diagnosis of diabetes and the onset of carpal tunnel syndrome. Mr. Sturgell was first diagnosed with carpal tunnel syndrome in June of 2016 by an EMG. His diabetes diagnosis was not made until early 2017. Thus, he developed carpal tunnel syndrome before diabetes. The Office of Judges also determined that Dr. Stoll's opinion that Mr. Sturgell's carpal tunnel syndrome was likely due to his prior employment as a heavy equipment operator was not supported by the evidence. Mr. Sturgell became symptomatic five to seven years after he began working for the West Virginia Department of Highways. The Office of Judges found no evidence of carpal tunnel syndrome until 2016, four or five years after Mr. Sturgell started working for the West Virginia Department of Highways. It concluded that Mr. Sturgell was exposed to four to five years of repetitive activity while working for the West Virginia Division of Highways.

Although the Office of Judges found Dr. Thaxton's opinion that Mr. Sturgell suffered from carpal tunnel syndrome to be reliable, it found her report to be unreliable to the extent she concluded that the carpal tunnel syndrome was not work-related. The Office of Judges determined that she failed to accurately consider the extent of Mr. Sturgell's occupational exposure and failed to fully identify Mr. Sturgell's job duties. Specifically, she failed to document the employer's

report that Mr. Sturgell's job duties require continuous firm gripping, along with continuous bending and rotating.

Ultimately, the Office of Judges found Dr. Endicott's opinion to be the most reliable of record. Dr. Endicott opined that Mr. Sturgell sustained an occupational repetitive strain injury resulting in moderate to severe bilateral carpal tunnel syndrome. As Mr. Sturgell's treating physician, he was found to be in the best position to determine the cause of Mr. Sturgell's carpal tunnel syndrome. Dr. Endicott noted that consistent with a work-related diagnosis, Mr. Sturgell continues to work, and his symptoms continue to worsen. The Office of Judge determined that Mr. Sturgell's testimony supported Dr. Endicott's opinion. Mr. Sturgell stated that 90% of his work time is spent doing things that require continuous, firm gripping, awkward positioning, and repetitive motion. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its order on October 21, 2021.

This Court may not reweigh the evidentiary record, but must give deference to the findings, reasoning, and conclusions of the Board of Review, and when the Board's decision effectively represents a reversal of a prior order of either the Workers' Compensation Commission or the Office of Judges, we may reverse or modify that decision only if it is in clear violation of constitutional or statutory provisions, is clearly the result of erroneous conclusions of law, or is so clearly wrong based upon the evidentiary record that even when all inferences are resolved in favor of the Board's findings, reasoning, and conclusions, there is insufficient support to sustain the decision. *See* W. Va. Code §§ 23-5-15(c) & (e). We apply a de novo standard of review to questions of law. *See Justice v. W. Va. Off. Ins. Comm'n*, 230 W. Va. 80, 83, 736 S.E.2d 80, 83 (2012).

After review, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. Dr. Stoll's report was unreliable because he opined that the claimant did not suffer from carpal tunnel syndrome; however, his own findings and an EMG support a diagnosis of carpal tunnel syndrome. Dr. Stoll also opined that if the claimant did have carpal tunnel syndrome, it was the result of his diabetes and not his work duties. However, he developed carpal tunnel syndrome prior to his diagnosis of diabetes. Dr. Thaxton's report was also unreliable. She failed to fully identify and consider the claimant's job duties. Dr. Endicott provided the most reliable opinion of record. As the claimant's treating physician, he was in the best position to determine the cause of the claimant's carpal tunnel syndrome. Dr. Endicott reviewed the claimant's job duties and determined that they required the kind of significant grip force, and high force of repetitive manual movements known to cause carpal tunnel syndrome. The claim was correctly determined to be compensable.

Affirmed.

**ISSUED: October 19, 2023**

4

**CONCURRED IN BY:**

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn